IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00313-CV

No. 10-11-00319-CV

No. 10-11-00320-CV

 

Judith Holmes,

                                                                                    Appellant

 v.

 

Shirley Al Jaafreh,

                                                                                    Appellee

 

 

 



From the County Court
at Law

Walker County, Texas

Trial Court Nos. 10537CV,
10597CV and 10598CV

 



ORDER of referral to mediation



 

            The Legislature has provided
for the resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2011).  The
policy behind ADR is stated in the statute: “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. § 154.002 (Vernon 2011).  Mediation is a form of ADR.  Mediation is a mandatory
but non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.  The Court finds
that these three appeals are appropriate for mediation.  See id.
§ 154.021(a) (Vernon 2011); 10th
Tex. App. (Waco) Loc. R. 9.

            The Court notes that it has
previously ordered mediation in seven other appeals involving the same parties,
and it is the Court’s preference that these three appeals be mediated in
conjunction with the other seven appeals.  The Court therefore assigns Terrance
D. Dill, Jr. as mediator in these three appeals.  His contact information is:

            West,
Webb, Allbritton & Gentry, P.C.

            1515
Emerald Plaza

            College
Station, TX 77845-1515

            (979)
694-7000

 

            The Clerk of the Court is
directed to provide the mediator with a copy of this order.

            Mediation must occur within sixty
days after the date of this order.  The Court understands that mediation in the
other seven appeals is scheduled for September 8, 2011.  The Court appreciates
in advance any accommodations that will be made to mediate these three appeals
with the other seven appeals.

            No less than seven calendar
days before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Immediately after mediation,
the mediator must advise this Court, in writing, only that the cases did or did
not settle and the amount of the mediator’s fee paid by each party.  The
mediator’s fee will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
the parties must each pay the agreed-upon fee directly to the mediator.  The
Court notes that Appellant is proceeding as an indigent in these appeals.

            Named parties must be
present during the entire mediation process.  Failure or refusal to attend the
mediation as scheduled may result in the imposition of sanctions, as permitted
by law.  See Tex. R. App. P.
42.3(b), (c).

            Any objection to this Order
must be filed with this Court and served upon all parties within ten days after
the date of this Order, or it is waived. 

            The Court refers these
appeals to mediation.  

 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Davis, and

        Justice
Scoggins

Order
issued and filed August 31, 2011

Do
not publish






lass=MsoNormal align=center style='text-align:center'>Trial Court # 28164CR

 



MEMORANDUM 
Opinion



 

          Ivan Roberts was charged with the offense of injury to a
child.  Tex.
Pen. Code Ann. § 22.04 (Vernon 2003). 
The jury found him guilty and assessed ten years’ imprisonment.    He
appeals on two issues: (1) the jury charge contained error because it did not
instruct the jury on the subjective element of the defense of parental discipline;
and (2) the evidence is factually insufficient.

          We
will overrule the issues and affirm the judgment.

 

 

BACKGROUND

          Robert’s
eleven-year-old son got in trouble at school. 
He was punished at school by being swatted with a paddle.  At home, his father whipped him with a
belt.  An investigator with Child
Protective Services testified that she observed injuries to the boy’s head,
neck, back, arm, buttocks, and legs.  Photographs
of the boy’s injuries were admitted into evidence.  The boy testified that his father told him to
take off his clothes, had him lean over a bench press, and whipped him with a
belt that had a metal buckle.  He
testified that his father had whipped him before but did not usually hit him on
the neck and head.  Roberts testified in
his own defense that he disciplines his sons with a belt when he feels it is
appropriate.  He testified that the blows
above the shoulders were an accident, but admitted that the purpose of the
whipping was to cause pain.

Jury
Charge

          Roberts
argues that the trial court’s jury charge on guilt-innocence contained error in
that the trial court should have included a subjective component in the charge
on parental discipline.  He acknowledges that
he did not object to the charge, but contends that alleged error caused him
egregious harm.  See Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984).

          Section
9.61 of the Penal Code sets out the defense applicable to the parent-child
relationship.  That section states that the
use of force, but not deadly force, against a child younger than eighteen years
of age is justified: (1) if the actor is the child’s parent or stepparent or is
acting in loco parentis to the child; and (2) when and to the degree the actor
reasonably believes the force is necessary to discipline the child or to
safeguard or promote his welfare.  Tex. Pen. Code Ann. § 9.61 (Vernon 2003).  The Penal Code defines a “reasonable belief”
as a “belief that would be held by an ordinary and prudent man in the same
circumstances as the actor.”  Tex. Pen. Code Ann. § 1.07(a)(42)
(Vernon Supp. 2004-05).

  Roberts
argues that the jury instruction that the trial court gave regarding reasonable
belief was error because it is strictly objective and omits the subjective aspect
of the defense.  He cites our opinion in Davis v. State for the proposition that
there is a subjective aspect to the defense. 
104 S.W.3d 177, 181 (Tex. App.—Waco 2003, no pet.).  In Davis, we held that “[a]lthough the jury employs an
objective standard to determine the reasonableness of the defendant’s belief, it must view the facts from the defendant’s perspective.”  Id. at 181 (emphasis added).  Here, the jury was instructed that
“reasonable belief” means “a belief that would be held by an ordinary and
prudent person in the same circumstances as the defendant.”  We find no error in the jury instruction and
overrule this issue.

Factual
Sufficiency

          Roberts
contends the evidence is factually insufficient to support the verdict, because
he subjectively thought he acted within his parameters as a parent when he
whipped his son.  Because reasonable
discipline is a justification, the State is not required to affirmatively
produce evidence which refutes the claim; rather, the State has the burden to
prove its case beyond a reasonable doubt. 
Goulart v. State, 26 S.W.3d 5,
10 (Tex. App.—Waco 2000, pet. ref’d).  The
jury is required to find beyond a reasonable doubt that the level of force used
by the parent was not justified.  Id. at 11. 
In reviewing factual sufficiency, we consider all of the evidence in a
neutral light to determine whether the jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).

Again citing Davis,
Roberts argues that the evidence is factually insufficient to show he acted in
a manner contrary to his subjective reasonable beliefs.  His reliance on Davis is misguided. 
In Davis, we held that the jury must view the facts from the defendant’s perspective,
but the jury employs an objective standard to determine the reasonableness of
the defendant’s belief.  104 S.W.3d at 181.  Viewing the facts from the defendant’s
perspective, the jury could have concluded that a reasonable person would not
believe that the force used against Roberts’s son was necessary to discipline
him or to safeguard or promote his welfare. 
The evidence is factually sufficient to sustain the verdict.

CONCLUSION

          Having overruled the issues, we affirm
the judgment.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed April 27, 2005

Do not publish

[CR25]